**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4060**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

TODD ALLEN SPENCER, a/k/a Todd Alan Spencer,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.   Robert G. Doumar, Senior District Judge.   (2:13-cr-00131-RGD-LRL-1)

Submitted:  September 14, 2015         Decided:  October 20, 2015

Before SHEDD and DUNCAN, Circuit Judges, and DAVIS, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Geremy C. Kamens, Acting Federal Public Defender, Frances H. Pratt, Rodolfo Cejas, II, Assistant Federal Public Defenders, Alexandria, Virginia, for Appellant.  Dana J. Boente, United States Attorney, William D. Muhr, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Todd Allen Spencer pled guilty to one count of threat to injure by communication, in violation of 18 U.S.C. § 876(c) (2012). The conviction stemmed from a letter Spencer mailed to the Clerk of the United States District Court for the Eastern District of Virginia. On appeal, Spencer challenges his 46-month sentence, arguing that the district court erred in adjusting his offense level pursuant to U.S. Sentencing Guidelines Manual § 2A6.1(b)(1) (2014) because he included dried, powdery toothpaste in the letter's envelope. We vacate Spencer's sentence and remand for resentencing.

"We review the reasonableness of a sentence under a deferential abuse-of-discretion standard, first ensuring that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range." United States v. Cox, 744 F.3d 305, 308 (4th Cir. 2014) (brackets and internal quotation marks omitted). In reviewing the district court's application of the Sentencing Guidelines, we review factual findings for clear error and legal conclusions de novo. United States v. Strieper, 666 F.3d 288, 292 (4th Cir. 2012).

A six-level adjustment is appropriate under USSG § 2A6.1(b)(1) "[i]f the offense involved any conduct evidencing an intent to carry out such threat." The application of this

2

adjustment hinges on "'the defendant's intent and the likelihood that the defendant would carry out the threat.'" United States v. Worrell, 313 F.3d 867, 876 (4th Cir. 2002) (quoting United States v. Gary, 18 F.3d 1123, 1128 (4th Cir. 1994)). "The majority of circuit courts require that a defendant engage in some form of overt act before sustaining a § 2A6.1(b)(1) enhancement." United States v. Goynes, 175 F.3d 350, 353 (5th Cir. 1999) (citing Gary, among other authority). Accordingly, "threats alone" are insufficient to support an adjustment under § 2A6.1(b)(1). Id. at 355.

To determine if Spencer's inclusion of dried toothpaste in the envelope containing his letter constitutes "conduct evidencing an intent to carry out such threat," we must first identify the threat(s) that Spencer's letter communicated. On appeal, the Government argues that Spencer's letter contains a threat to kill or injure the recipient of the letter and a threat to disrupt the workings of the district court.* The Government, however, did not present the latter interpretation to the district court, and nothing in the record shows that the

---

* Below, the Government also argued Spencer's letter contained a threat to place the recipient in fear of her life. On appeal, the Government does not raise any argument regarding this interpretation of the threat, thus abandoning it. See United States v. Powell, 666 F.3d 180, 185 n.4 (4th Cir. 2011) (stating that Government abandons arguments raised below where it does not present them in its appellate brief).

3

court relied on this interpretation when imposing the § 2A6.1(b)(1) adjustment. Accordingly, we limit our review of the propriety of the adjustment to the theory that Spencer's inclusion of the dried toothpaste constituted conduct evidencing an intent to carry out a threat to kill or injure the recipient of his letter. See United States v. Llamas, 599 F.3d 381, 389 (4th Cir. 2010) (holding that appellate court must confine its basis for upholding adjustment to theories relied on by district court and "may not guess at the district court's rationale, searching the record for . . . any . . . clues that might explain a sentence" (internal quotation marks omitted)).

While the application notes to USSG § 2A6.1(b)(1) do not discuss or provide any examples of what constitutes "conduct evidencing an intent to carry out [a] threat," the section does cross-reference USSG § 2M6.1, which pertains to the use or threatened use of biological agents and toxins. See USSG § 2A6.1(c). The commentary to USSG § 2M6.1 does discuss when a defendant's conduct evidences an intent to carry out a threat. USSG § 2M6.1 cmt. n.2. Relevant here, a defendant does not engage in conduct evidencing an intent to carry out a threat to use a biological agent or toxin by dispersing a substance that appears to be an agent or toxin but is not, and the defendant knows is not, an actual biological agent or toxin. Id. Applying this concept to the underlying facts, Spencer's

4

inclusion of a substance he knew to be dried toothpaste does not constitute conduct evidencing an intent to carry out a threat to kill or injure the recipient of his letter because it does not show a subjective belief on Spencer's part that he would carry out the threat, or increase the likelihood that he would carry it out. See Worrell, 313 F.3d at 876. Accordingly, we conclude that the district court erred in applying the six-level adjustment under USSG § 2A6.1(b)(1).

When we find a procedural error at sentencing, we must consider whether the error was harmless. United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010). "A Guidelines error is considered harmless if we determine that (1) the district court would have reached the same result even if it had decided the guidelines issue the other way, and (2) the sentence would be reasonable even if the guidelines issue had been decided in the defendant's favor." United States v. Gomez-Jimenez, 750 F.3d 370, 382 (4th Cir.) (internal quotation marks omitted), cert. denied, 135 S. Ct. 305, 384 (2014). Because the error increased Spencer's Guidelines range and because nothing in the record indicates that, absent the error, the district court would have departed upward and imposed a 46-month sentence, we cannot conclude that the error was harmless.

Accordingly, we vacate Spencer's sentence and remand for resentencing without application of the § 2A6.1(b)(1)

5

adjustment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED